IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,

        Plaintiff,                   No. CIV S-07-0015 MCE EFB P

    vs.

C. STILES, et al.,

        Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

Plaintiff is a state prisoner proceeding without counsel in an action filed under 42 U.S.C. § 1983.  The matter is currently before the court on defendants' July 29, 2008, motion for summary judgment on the ground that plaintiff's claims are barred by the applicable statute of limitations.[1]  The court has considered the moving and opposing papers and issues the following findings and recommendations.

**I.    Facts**

Plaintiff's claims against defendants arise from events that transpired at California State Prison-Sacramento ("SAC") between March 28, 2002 and August 14, 2002.  Defs.' Mot. for

---

[1] The motion was originally filed on July 29, 2008 by defendants Jaffe, Johnson, Stabbe, Curren and Hewette.  On August 22, 2008, defendant Stiles joined in the motion, as she had not appeared in the action at the time the motion was filed.

1

Summ. J., Stmt. of Undisp. Facts in Supp. Thereof ("SUF") 6; Pl.'s Opp'n 4:8-11. At his deposition, plaintiff testified that during this period of time he repeatedly informed defendants that he felt suicidal. SUF 3; *see also* Pl.'s Opp'n, Pl.'s Decl. in Supp. Thereof ("Pl.'s Decl.") ¶¶ 7, 11. According to plaintiff, defendants refused to move him to the section of the prison reserved for mental health patients. Compl. ¶¶ 16, 19, 20; Pl.'s Decl. ¶ 7. On August 14, 2002, plaintiff attempted suicide by setting his cell on fire. SUF 4; Pl.'s Opp'n 2:24-3:4. As a result of the fire, he suffered injuries. SUF 4; Compl. ¶ 36. He filed this action on December 1, 2006, claiming that defendants acted negligently and with deliberate indifference to his medical needs by housing him in the general population, despite his status as a mental health patient. SUF 10; Docket No. 1.

**II.      Standards on Summary Judgment**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts. *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over material facts; e.g., issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome.

*Celotex*, 477 U.S. at 323.

Focus on where the burden of proof lies as to the issue in question is crucial to summary judgment procedures. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In this regard, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631.

Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). However, the opposing party must demonstrate with adequate evidence a genuine issue for trial. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989). The opposing party must do so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. If the evidence presented could not support a judgment in the opposing party's favor, there is no genuine issue. *Id.*; *Celotex Corp.*, 477 U.S. at 323.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

On March 27, 2008 and June 25, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

4

### III. Analysis

"Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Similarly, under California law, "[a] cause of action accrues when the claim is complete with all of its elements." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 522 F.3d 1049, 1054 (9th Cir. 2008). Ordinarily, this occurs on the date of the plaintiff's injury. *Id.* The parties agree that on August 14, 2002, plaintiff set his cell on fire and was injured. SUF 4; Pl.'s Opp'n 2:24-3:4; Compl. ¶ 36. Thus, plaintiff's claims accrued on August 14, 2002.

Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003. The two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55; *Kamar v. Krolczyk*, No. 1:07-cv-0340, 2008 U.S. Dist. LEXIS 55975, at *13 (E.D. Cal. July 16, 2008). Thus, a one year statute of limitations applies to this action. However, under California law, this statute is tolled for a period of two years for persons imprisoned for a term less than life. Cal. Civ. Proc. Code § 352.1.[2]

////

---

[2] In his opposition brief, plaintiff argues that the two-year tolling period under California Code of Civil Procedure section 352.1 does not apply to him because he is incarcerated for three life term sentences. Pl.'s Opp'n 5:5-12. However, the tolling statute is applicable to inmates serving a life sentence with the possibility of parole, such as plaintiff. *See* Pl.'s Opp'n, Ex. D (abstract of judgment); SUF 1; *see also Martinez v. Gomez,* 137 F.3d 1124, 1126 (9th Cir. 1998). Moreover, this argument does not help plaintiff's position because, without application of the tolling statute, plaintiff would have been required to file this action no later than August 14, 2003.

5

With tolling, plaintiff had three years to file a lawsuit. The latest date on which plaintiff was required to file this lawsuit was August 14, 2005. Plaintiff did not file this action until December 1, 2006. SUF 10; Docket No. 1. Because this action was filed outside the limitations period, plaintiff's federal and state claims are barred.

In his opposition brief, plaintiff argues that this action is not barred by the statute of limitations because in March of 2003, he filed a complaint in a separate action that is related to this action. Pl.'s Opp'n 3:5-17, 4:13-21, 8:2-8 (referencing *Lamon v. Pliler, et al.*, No. 2:03-cv-0423 FCD CMK). Under Rule 15(c)(1), an amendment to a pleading can "relate back" to the date of the original pleading for statute of limitations purposes. Fed. R. Civ. P. 15(c)(1). However, plaintiff's December 1, 2006 complaint in this action was not an amendment to the complaint filed in the earlier action. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006). Thus, the relation-back doctrine is not applicable here.

Plaintiff fails to submit evidence upon which a reasonable jury could rely to conclude that his claims are timely. It is undisputed that this action was filed on December 1, 2006—more than three years after the events giving rise to plaintiff's claims. Thus, defendants' motion for summary judgment must be granted.

**IV. Conclusion**

In accordance with the above, it is hereby RECOMMENDED that defendants' July 29, 2008, motion for summary judgment be granted and that judgment be entered in their favor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

////

////

////

6

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:  January 30, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7